# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                 No. 1:18-cr-02844-JCH

DOMINICK MILIA,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Opposed Motion to Compel the Production of Discovery Including the Identification of Confidential Informants (ECF No. 37). After carefully considering the motion, briefs, and being otherwise fully-informed, the Court concludes that the motion should be denied.

**I.    Background**

In May 2018, Defendant allegedly absconded from state probation, so a state judge signed an arrest warrant. Investigator Banks and a team of three or four other officers went to search for Defendant to arrest him. A confidential informant told two of Banks' investigators that Defendant was residing in a motel in Albuquerque and gave investigators the motel name and room number. When officers went to the motel room, a man coincidentally opened the door and left. As he did so, Banks, standing outside of the motel room, spotted Defendant through the open door. Officers entered the motel room and took Defendant into custody. They found a gun on him, leading to a single-count indictment against Defendant for being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1).

Defendant tells the Court that he requires certain discovery in preparation of a motion to suppress evidence that he intends to file. In his forthcoming motion, Defendant will argue that

Banks and his team were New Mexico Correctional Department (NMCD) officers who lacked authority to arrest him, and that he is entitled to discover "the facts surrounding the arrest and investigation" by officers, including the specific information that the confidential informant gave to officers. ECF No. 37 at 4. Defendant believes that the informant played a significant role in the investigation, and therefore he seeks to discover the informant's identity under *Roviaro v. United States*, 353 U.S. 53, 77 (1957).

In response, the Government refers to Banks and his team as "probation and parole officers," but does not address Defendant's specific argument that they lacked authority to arrest him. ECF No. 45 at 1. As for Defendant's discovery arguments, the Government says that it has already given Defendant discovery and that it has nothing else to give. The Government lastly argues that Defendant is not entitled to learn the informant's identity because the informant's role was so minor that the Government does not even plan to call him/her at trial.

## II. Defendant's Request for "General Discovery"

Subpart 16(a)(1)(E) Federal Rule of Criminal Procedure 16 sets forth the types of the information the government must disclose to the defendant upon his request:

> books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
> (i) the item is material to preparing the defense;
> (ii) the government intends to use the item in its case-in-chief at trial; or
> (iii) the item was obtained from or belongs to the defendant.

Fed. R. Crim. P. 16(a)(1)(E).

A defendant must make a *prima facie* showing of materiality before he is entitled to obtain requested discovery. *See United States v. Simpson*, 845 F.3d 1039, 1056 (10th Cir. 2017). "Neither a general description of the information sought nor conclusory allegations of materiality suffice; a defendant must present facts which would tend to show that the government is in possession of

2

information helpful to the defense." *United States v. Lucas*, 841 F.3d 796, 804 (9th Cir. 2016). To be material, it is not enough that the evidence sought "bears some abstract, logical relationship to the issues in the case … [r]ather a showing of materiality requires some indication that pretrial disclosure of the information sought would have enabled the defendant to significantly alter the quantum of proof in his favor." *United States v. Goris*, 876 F.3d 40, 44-45 (1st Cir. 2017).

Here, Defendant seems to argue that in Banks' post-arrest report, Banks simply made-up that Defendant had a gun and also made-up the informant's existence. This is so, he says, because no other officer wrote anything about a gun or an informant, suggesting that Banks' credibility is at issue. Because Banks' credibility is at issue, Defendant says he is entitled to discover information about the informant – specifically, "what information was given to Banks, how that information was transmitted to [Banks], or how the original information was obtained," along with the "facts surrounding the arrest and investigation," ECF No. 37 at 2, 4, arguing that this information qualifies as discoverable impeachment evidence under *Giglio v. United States,* 405 U.S. 150, 154 (1972). In response, the Government says that it has already given Defendant complete discovery, and that it is unaware of any additional discovery to give.

Mindful of this statement by the Government and the materiality standard discussed above, the Court concludes that Defendant's request is denied. Defendant's suggestion that Banks lied in his report is undermined by Defendant's own acknowledgement that "no other officer wrote a report of what happened." ECF No. 37 at 4. As for Defendant's need for what information was given to Banks, how that information was transmitted, or how the original information was obtained, the Government answered most of those questions in its response brief. *See* ECF No. 45 at 1 (stating that "Investigator Banks received information from Investigator S. Pautler and Secretary P. Hoffman, regarding the location of the defendant. They received that information

3

from a CI.") Concerning Defendant's need for the "facts surrounding the arrest and investigation," ECF No. 37 at 4, the Court is unable to perceive from this bare-bones statement what Defendant requires, so this falls short of the materiality standard. *See Lucas*, 841 F.3d at 804 ("Neither a general description of the information sought nor conclusory allegations of materiality suffice; a defendant must present facts which would tend to show that the government is in possession of information helpful to the defense.").

Defendant argues that he is entitled to discover the facts surrounding the arrest and investigation for the additional reason that "non-certified law enforcement agents" investigated and arrested Defendant. ECF No. 37 at 5. In his reply brief, Defendant argued for the first time that without discovery there is no way to know if Banks and his team followed three NMCD policies. One such policy regulates the "use of offenders as informants." ECF No. 46 at 2. Another policy recommends that correctional officers not execute an arrest without the assistance of law enforcement. *See id*. at 3. And a third policy requires correctional officers to fill-out a "Use of Force Form" anytime a correctional officer uses force to arrest an offender. *Id*. at 2. Defendant argues that all of these policies are implicated, and that the Government has not disclosed these reports to him.

However, Defendant has not shown that learning whether Banks and his team complied with NMCD policies would be "helpful to his defense," as Rule 16 requires. *Lucas*, 841 F.3d at 804. That is, this information would not refute the Government's claim that Defendant illegally possessed a gun. *See United States v. Armstrong*, 517 U.S. 456, 462 (1996) (noting that the term "defense" means an argument in response to the prosecution's case-in-chief, *i.e*., an argument that refutes the government's claims that the defendant committed the crime charged.) Defendant in fact admits that he needs this information to litigate his forthcoming motion to suppress evidence;

4

but that is a distinct matter from materiality in the Rule 16 sense. Finally, Defendant raised the need for this discovery for the first time in his reply brief, so the Government had no opportunity to respond to Defendant's arguments. In summary, Defendant's discovery motion is denied.

### III. Defendant's Request to Compel Discovery under *Roviaro*

Defendant also moves to compel discovery regarding the confidential informant who tipped-off officers regarding Defendant's residence at the motel room. *Roviaro,* 353 U.S. at 62, "requires disclosure of an informant in limited circumstances where the defendant's need for information to prepare his defense outweighs the government's need to protect its sources." *United States v. Long*, 774 F.3d 653, 663 (10th Cir. 2014). "To determine whether the privilege applies, the court must balance the public interest in protecting the flow of information necessary for effective law enforcement against the defendant's right to prepare his defense." *United States v. Castillo*, No. CR. 15-0205 JH, 2015 WL 13662869, at *5–6 (D.N.M. July 8, 2015). The Tenth Circuit has described the balancing of interests as follows:

> [C]ases involving confidential informants fall into several broad categories. At one extreme are the cases where the informant is a mere tipster, and disclosure is not required. At the other extreme are cases such as *Roviaro* itself where the informant has played a crucial role in the alleged criminal transaction, and disclosure and production of the informant are required to ensure a fair trial. In addition, there are cases where there is a slight possibility a defendant might benefit from disclosure, but the government has demonstrated a compelling need to protect its informant.

*United States v. Martinez*, 979 F.2d 1424, 1426 (10th Cir. 1992) (citations and quotations omitted). While an informant's identity should be disclosed if it might be relevant to the defendant's case and justice would best be served by disclosure, an informant need not be disclosed where the informer's information is merely cumulative or where the informant did not participate or witness the crime in question. *See United States v. Brantley*, 986 F.2d 379, 383 (10th Cir. 1993); *United States v. Mendoza-Salgado*, 964 F.2d 993, 1000-01 (10th Cir. 1992) (citing *United States v.*

*Reardon*, 787 F.2d 512, 517 (10th Cir. 1986)). "When it is clear the informant cannot aid the defense, the government's interest in keeping secret his identity must prevail over the defendant's asserted right of disclosure." *Martinez*, 979 F.2d at 1429. A defendant seeking disclosure has the burden of proof to show a need for the disclosure. *United States v. Sinclair*, 109 F.3d 1527, 1538 (10th Cir. 1997).

In his motion, Defendant contends that the informant's identity must be disclosed for the following three reasons: "First, the individual may have knowledge/insight into the crime charged as well as possible suppression issues. Next, the handling of this arrest raises questions about the handling of the investigation, which is a topic for cross examination. Finally, a possible informant could aid in the investigation of this case." ECF No. 37 at 7. The Government responds that the informant was a "mere tipster" who "was not a participant in or a witness to the crime charged." ECF No. 45 at 4. The Government represents that it does not even intend to call the informant at trial because he/she has no relevant information to give.

The Court will not require the disclosure of the identity of the informant who did not participate in or witness the crime charged. The Tenth Circuit has "consistently held," that "[w]here, as here, the informant was not a participant or witness to the crime … the identity need not be disclosed. *United States v. Brantley*, 986 F.2d 379, 383 (10th Cir. 1993); *United States v. Gordon*, 173 F.3d 761, 767–68 (10th Cir. 1999) (noting that the Tenth Circuit has "refused disclosure … where the informant has limited information, was not present during commission of the offense, and cannot provide any evidence that is not cumulative or exculpatory."). The Government says that the informant wished to remain anonymous out of fear that Defendant would retaliate against him/her and Defendant has failed to demonstrate that disclosure of the informant's identity overrides the informant's personal safety.

**IT IS THEREFORE ORDERED that** Defendant's Opposed Motion to Compel the Production of Discovery Including the Identification of Confidential Informants **(ECF No. 37)** is **DENIED**.

**IT IS SO ORDERED**.

_____
JUDITH C. HERRERA
SENIOR U.S. DISTRICT JUDGE