UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO


UNITED STATES OF AMERICA,

     Plaintiff,

v.                                                                                    No. 1:18-cr-02844-JCH-1

DOMINICK MILIA,

     Defendant.


**MEMORANDUM OPINION AND ORDER DENYING
DEFENDANT'S MOTION TO RECONSIDER**

This matter is before the Court on the Defendant's request for the Court to reconsider its "finding that Mr. Milia forfeited arguments challenging whether probation [officers] entered into Mr. Milia's residence in violation of *Payton v. New York*."[1] ECF No. 84, 1. The Government responded in opposition, to which Defendant filed a reply. *See* ECF Nos. 89, 90. After carefully considering Defendant's motion, the briefs, and relevant law, the Court concludes that his motion should be denied.

**I.        Background**

On August 19, 2020, after a conducting an evidentiary hearing, the Court denied Defendant's motion to suppress evidence of a firearm and ammunition. The evidence was seized by New Mexico probation and parole officer Clarence Banks while he and other officers were executing an arrest warrant on Defendant at the motel room where Defendant resided. Officers learned that Defendant was staying at the motel from an anonymous tipster.

---

[1] 445 U.S. 573 (1980).

Because Banks had a warrant for Defendant's arrest, the warrant "implicitly carrie[d] with it the limited authority to enter" the motel room if Banks reasonably believed that Defendant "(1) lived in the [motel room] and (2) could be found within at the time of entry." ECF No. 83, 6 (citation and internal quotation marks omitted). This is the well-established "two-prong test" under *Payton* for determining when an arrest warrant alone is enough to justify entrance into a dwelling. *Id.*

In his original briefing, Defendant did not "cite *Payton*'s [two-prong] test or link facts to that test." *Id.* at 7. The Court therefore ruled that he forfeited any *Payton* challenge because under Tenth Circuit precedent, "cursory statements, without supporting analysis and case law" result in forfeiture. *Id.* (citation omitted). The Court therefore deemed it undisputed that Banks "reasonably believed that Defendant lived at the motel room and was present." *Id.* Thus, made an authorized *Payton*-entry.

Defendant moves for reconsideration of the forfeiture ruling. He claims that he was under the impression that the Government did not dispute that he resided at the motel; only once the Government argued in opposition brief to his suppression motion that Defendant lacked standing to challenge the search did he realize that his residency at the motel was disputed. Moreover, once the suppression hearing occurred, Defendant believes that the hearing casted doubt on whether *Payton*'s test was met. As support, he points to the fact that the Government acknowledged at the hearing that it never verified whether Defendant was a registered guest at the motel or authorized to be there. He also claims that Banks' testimony was more extensive than Banks' police report produced in discovery and that Banks' testimony "called into question his knowledge of Mr. Milia's connection to the room," because Banks testified that he did not check the motel's registry and did not know if Defendant would be found in the room. ECF No. 90 at 3. He also says that

2

Banks' testimony was "either different than his report or" Banks "left out," information from his report. ECF No. 84 at 4. Defendant thus moves the Court to reconsider its forfeiture ruling and to allow briefing "on whether Banks and his officers entered the room in violation of … *Payton*." ECF No. 84 at 4.

## II.      Standard of Review

"Motions to reconsider are proper in criminal cases even though the Federal Rules of Criminal Procedure do not specifically provide for them." *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014). "Borrowing the standards for civil cases, a motion to reconsider is warranted 'when: (1) there has been an intervening change in the controlling law; (2) there is newly discovered evidence which was previously unavailable; or (3) it is necessary to correct clear error or prevent manifest injustice.'" *United States v. McCluskey*, No. CR 10-2734 JCH, 2013 WL 12329343, at *2 (D.N.M. Oct. 7, 2013) (other citations omitted)). "It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing" in a motion to reconsider." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Thus, "[a] motion for reconsideration is not appropriate to rehash arguments previously addressed, but a district court has broad discretion to reconsider its interlocutory rulings before the entry of judgment." *McCluskey*, 2013 WL 12329343, at *2.

## III.     Discussion

Defendant claims that reconsideration is based on grounds two and three: There is "new evidence" in the form of Banks' testimony, and it would be a "manifest injustice" not to allow "more briefing on an issue where sufficient facts" support his *Payton* argument. ECF No. 84 at 7.

As for his "new evidence" claim, Defendant says that Banks' testimony shows that Banks did not know that Defendant was in the motel room and that pre-hearing discovery would not have

unearthed this information. He says that "[i]t is not fair to keep a defendant from making an argument based on facts that are not clear in discovery." ECF No. 90 at 4. This argument fails. The prosecution disclosed Banks' report months before the hearing. That report stated that the motel was Defendant's "suspected residence" and discussed the tipster's statement. ECF No. 89 at 1. Criminal discovery is limited as it is, *Degen v. United States*, 517 U.S. 820, 825 (1996), and the report enabled Defendant to fashion a *Payton* challenge and question Banks about Defendant's "suspected residence." Instead, as the Government correctly observes, Defendant only raised his belated *Payton* argument "after an adverse ruling." ECF No. 89 at 4.

Defendant also claims that it would be a manifest injustice to not allow further briefing on the *Payton* issue. The term manifest injustice "is commonly defined as [a] direct, obvious, and observable error in a trial court[.]" *Tri-State Truck Ins., Ltd. v. First Nat. Bank of Wamego*, No. 09-4158-SAC, 2011 WL 4691933, at \*3 (D. Kan. Oct. 6, 2011) (citation and quotation marks omitted). "Where reconsideration is sought due to manifest injustice, the moving party can only prevail if it demonstrates that the injustice from the case is 'apparent to the point of being indisputable.'" *Id*. (quoting *Shirlington Limousine & Transp., Inc. v. United States,* 78 Fed. Cl. 27, 31 (2007).

Under these standards, Defendant's manifest injustice argument fails. It presumes that the current evidentiary record does not support a *Payton*-entry because Banks went there on an anonymous tip, did not check the registry, and initially had "no clue" if Defendant was in the room. Feb. 2020 Mot. Hr'g. Tr. 127:15-16. However, Defendant's argument downplays significant facts that Banks testified to, including Banks' weeks-long attempt to locate Defendant, his surveillance of Defendant's last known address, his past arrest of Defendant on a different matter, and the tipster's disclosure of Defendant's exact location – all of which indicated that Banks was

personally familiar with Defendant, knew that he was attempting to conceal his whereabouts, and could reasonably be found at the motel. And perhaps most important of all, Banks observed Defendant through the motel room's open door. Defendant's observed presence in the room, combined with the tip and Banks' knowledge that Defendant was on the run, unquestionably demonstrate that Banks reasonably believed that Defendant resided at the motel room and was present.

Defendant maintains that Banks did not know for certain if Defendant resided in the motel and consequently Banks "would be entering a third parties' [sic] home." ECF No. 90 at 3. Defendant presumably now wishes to characterize the motel room as a third-party home because an arrest warrant does not authorize entry into the home of a third party. *See Valdez v. McPheters*, 172 F.3d 1220, 1224 (10th Cir. 1999). The problem is that Defendant never argued that the motel room was a third-party's home. He instead emphasized all along that the "evidence w[ould] show" his "connection to the room" and claimed that officers "believed [the motel room] was his residence." ECF No. 55, 2, 3. Defendant's belated suggestion that the motel room was a third-party residence is exactly the sort of argument that "could have been raised in prior briefing" and therefore is "not appropriate to … advance" on a reconsideration motion. *Servants of Paraclete*, 204 F.3d at 1012.

**WHEREFORE**, there being no meritorious grounds for reconsideration, **IT IS THEREFORE ORDERED that** Defendant's Motion to Reconsider the Courts [sic] Ruling **(ECF No. 84)** is **DENIED**.

**IT IS SO ORDERED**.

_____

HONORABLE JUDITH C. HERRERA
Senior United States District Judge